

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/08

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*



RECEIVED
APR 28 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

April 25, 2008

**BY HAND**
Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   <u>United States</u> v. <u>Behzad Zaman</u>
            08 Cr. 209 (HB)

Dear Judge Baer:

      As per the Court's request, the Government writes to inform the Court regarding the status of the above-captioned case (the "New York Case"), as well as another case against the defendant, which is being prosecuted in the Central District of California (the "California Case"). Both cases arise out of an investigation into an immigration document fraud scheme, where the defendant operated two English language schools in the Los Angeles area and used those schools to obtain student visas for individuals who did not actually attend the schools, including numerous New York residents. The primary difference between the New York Case and the California Case is the relevant time periods; while the indictment for the California Case covers the time period 2003-2006 and one day in January 2008, the indictment for the New York Case covers the time period 2007-2008.

**I.   Status of the Cases Against the Defendant.**

      In sum, the status of the cases is as follows:

      The New York Case was indicted on March 12, 2008, and the California Case was indicted soon thereafter in April 8, 2008. The defendant was then arrested in California on both cases and arraigned in the U.S. District Court, Central District of California. He is now in the process of receiving discovery there, with the district court having decided that his removal to New York should be stayed until his California Case has concluded. The government currently expects that the California

Honorable Harold Baer, Jr.
April 25, 2008
Page 2

Case will be resolved with a trial or plea by the end of the summer.

The following provides further detail regarding the progression of both cases in chronological order:

### A. New York Indictment.

On or about March 12, 2008, the defendant was indicted in the above-captioned case by a grand jury sitting in the Southern District of New York (the "New York Indictment," attached hereto as Exhibit A), charging him in two counts with conspiring to commit immigration document fraud in violation of Title 18, United States Code, Sections 371 and 1546. Because law enforcement believed that the defendant was at large, residing in Los Angeles, the New York Indictment was sealed.

### B. California Indictment.

On or about April 8, 2008, the defendant was indicted by a grand jury sitting in the Central District of California (the "California Indictment"), charging him in fourteen counts with immigration document fraud, in violation of Title 18, United States Code, Sections 1546 and 2, and money laundering, in violation of Title 18, United States Code, Sections 1956 and 2. The case associated with the California Indictment was assigned to the Honorable Dale S. Fischer, U.S. District Court, Central District of California (08 Cr. 427 (DSF)). The money laundering counts related to the proceeds from the immigration document fraud.

### C. April 9, 2008 Arrest in California.

On or about April 9, 2008, a day after the Initial California Indictment was returned, the defendant was arrested in Los Angeles and presented before a Magistrate Judge in the U.S. District Court, Central District of California. During the presentment, the defendant made an initial appearance on both the New York Indictment and the California Indictment, and he was detained. Soon after learning of the arrest, the Government here filed with the Magistrate Court a proposed order to unseal the New York Indictment, and the case associated with the New York Indictment was therefore assigned to Your Honor.

D. **Stay of Removal to New York**.

On or about April 14, 2008, Judge Fischer held a hearing, during which the defendant waived identity for purposes of the New York Case and Judge Fischer stayed removal of the defendant to New York pending the conclusion of the California Case. The U.S. Attorney's Office in the Central District of California also submitted a proposed order to Judge Fischer, seeking to exclude time pursuant to the Speedy Trial Act. Judge Fischer is currently considering the proposed order.

E. **Superseding Indictment Filed in California**.

On or about April 15, 2008, a grand jury sitting in the Central District of California returned a superseding indictment against the defendant (the "Superseding California Indictment," attached hereto as Exhibit B). The Superseding California Indictment, which contains 31 counts in total, adds various mail fraud and wire fraud charges to the California Indictment, charging the defendant with violations of Title 18, United States Code, Sections 1341 and 1343. Those mail and wire fraud counts also related to conduct in connection with the immigration document fraud scheme.

E. **Arraignment and Status Conference on the Superseding California Indictment**.

On or about April 21, 2008, the defendant was arraigned on the Superseding California Indictment, and at the arraignment, Judge Fischer held a status conference, during which the Government informed the court that discovery was in the process of being turned over, and the court set a trial date of June 3, 2008. Although no discovery deadlines were set, the court set a subsequent status conference of June 2, 2008, at which the court expects to adjourn the current trial date once it understood that discovery had been produced.

F. **Resolution of the California Case**.

I have spoke with an Assistant U.S. Attorney in the Central District of California, who is a prosecutor working on the California Case. ("California AUSA"). The California AUSA believes that the defendant will either take the case to trial or plead by the end of the summer. However, this timing is speculative, especially given that the defendant has not yet had

Honorable Harold Baer, Jr.
April 25, 2008
Page 4

a chance to review all the discovery in the California Case.

II. **Possible Transfer of Defendant's New York Case**.

      I have communicated with David Kettel, Esq., counsel for the defendant on the California Case, and he has stated that the defendant would be willing to have his New York Case transferred to the U.S. District Court, Central District of California, where his California Case is currently pending, for resolution of both cases there. The Government has no objection regarding such a transfer for convenience under Rule 21(b) of the Federal Rule of Criminal Procedure.

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney

By: _____
    Iris Lan
    Assistant United States Attorney
    (212) 637-2263

*[Handwritten note:]* On consent of the AUSA in this District, this Court will act to instruct the Court Clerk to forward the matter to the Central District of California for trial and remove it from my docket.

SO ORDERED: /s/ Harold Baer, Jr., U.S.D.J.
Date: 4/29/08

Endorsement:

    On consent of the defendant and the AUSA in this District this will act to instruct the Court Clerk to forward the matter to the Central District of California for trial and remove it from my docket.